IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA LTD. and VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA FRANCE S.A.S., | |
| Plaintiffs, | C.A. No. ____________ |
| v. | |
| LUPIN ATLANTIS HOLDINGS SA, LUPIN PHARMACEUTICALS, INC., LUPIN LIMITED, and TEVA PHARMACEUTICALS USA, INC. | |
| Defendants. | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs Vifor Fresenius Medical Care Renal Pharma Ltd. ("VFMCRP Switzerland") and Vifor Fresenius Medical Care Renal Pharma France S.A.S. ("VFMCRP France") (collectively, "Plaintiffs" or "Vifor Fresenius") hereby assert the following claims for patent infringement against Defendants Lupin Atlantis Holdings SA ("Lupin Atlantis"), Lupin Pharmaceuticals, Inc. ("Lupin Pharmaceuticals"), and Lupin Limited (collectively, "Lupin"), and Teva Pharmaceuticals USA, Inc. ("Teva"), and allege as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of U.S. Patent Nos. 10,682,376 ("the '376 patent") and 10,695,367 ("the '367 patent) (collectively, "the Patents-in-Suit") under the laws of the United States, 35 U.S.C. § 100, *et seq.* arising from Lupin's and Teva's filing of Abbreviated New Drug Applications ("ANDAs") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of Plaintiffs' VELPHORO® drug product prior to the expiration of the Patents-in-Suit.

**THE PARTIES**

2. Plaintiff VFMCRP Switzerland is a corporation organized and existing under the laws of Switzerland with its principal place of business at Rechenstrasse 37, CH-9014 St. Gallen, Switzerland.

3. Plaintiff VFMCRP France is a simplified joint stock company (*société par actions simplifiée*) organized and existing under the laws of the Republic of France which has its principal place of business at Tour Franklin, 100-101 Terrasse Boieldieu, La Défense 8, F-92042 Paris La Défense, France. VFMCRP France is a wholly-owned subsidiary of VFMCRP Switzerland.

4. On information and belief, defendant Lupin Atlantis is a corporation organized and existing under the laws of Switzerland, having a principal place of business at Landis & Gyr – Strasse 1, 6300 Zug, Switzerland.

5. On information and belief, defendant Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at Harborplace Tower, 111 South Calvert Street, Baltimore, Maryland 21202. On information and belief, Lupin Pharmaceuticals is in the business of, among other things, manufacturing and selling generic copies of branded pharmaceutical products for the U.S. market. On information and belief, Lupin Pharmaceuticals is a wholly owned direct or indirect subsidiary of Lupin Atlantis.

6. On information and belief, defendant Lupin Limited is a corporation organized and existing under the laws of India, having a principal place of business at 3rd Floor, Kalpataru Inspire, Off. Western Expressway Highway, Santacruz (East), Mumbai 400 055, India.

7. On information and belief, Teva is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 1090 Horsham Road, North Wales, Pennsylvania 19454.

## THE PATENTS-IN-SUIT

8. On June 16, 2020, the United States Patent and Trademark Office ("PTO") issued U.S. Patent No. 10,682,376, entitled "Pharmaceutical Compositions." The inventors of the '376 Patent are Ludwig Daniel Weibel and Erik Philipp. VFMCRP Switzerland is the assignee of the '376 patent. A copy of the '376 patent is attached hereto as Exhibit A.

9. On June 30, 2020, the PTO issued U.S. Patent No. 10,695,367, entitled "Pharmaceutical Compositions." The inventors of the '367 Patent are Ludwig Daniel Weibel and Erik Philipp. VFMCRP Switzerland is the assignee of the '367 patent. A copy of the '367 patent is attached hereto as Exhibit B.

## THE VELPHORO® DRUG PRODUCT

10. VFMCRP France holds an approved New Drug Application ("NDA") under Section 505(a) of the Federal Food, Drug and Cosmetic Act ("FFDCA"), 21 U.S.C. § 355(a), for sucroferric oxyhydroxide chewable tablets, 500 mg (NDA No. 205109), sold under the trade name VELPHORO®. VELPHORO® is a phosphate binder indicated for the control of serum phosphorus levels in patients with chronic kidney disease on dialysis. VFMCRP France received approval for VELPHORO® from the FDA in November 2013.

11. The claims of the Patents-in-Suit cover, *inter alia*, pharmaceutical formulations containing sucroferric oxyhydroxide.

12. Pursuant to 21 U.S.C. § 355(b)(1) and attendant FDA regulations, the Patents-in-Suit are listed in the FDA publication, "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), in connection with VELPHORO®.

**ACTS GIVING RISE TO THIS ACTION**

13. On information and belief, Lupin Atlantis submitted Abbreviated New Drug Application No. 211386 (the "Lupin ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)). On information and belief, the Lupin ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of a sucroferric oxyhydroxide chewable tablets, 500 mg, (the "Lupin Proposed ANDA Product"), a generic version of VELPHORO®. The Lupin ANDA specifically seeks FDA approval to market the Lupin Proposed ANDA Product prior to the expiration of the Patents-in-Suit.

14. On information and belief, following any FDA approval of the Lupin ANDA, Lupin will make, use, offer to sell, or sell the Lupin Proposed ANDA Product throughout the United States, or import such generic products into the United States.

15. On information and belief, Teva submitted Abbreviated New Drug Application No. 211411 (the "Teva ANDA") to the FDA under § 505(j) of the FFDCA (21 U.S.C. § 355(j)). On information and belief, the Teva ANDA seeks approval to engage in the commercial manufacture, use, offer for sale, and/or sale of a sucroferric oxyhydroxide chewable tablets, 500 mg, (the "Teva Proposed ANDA Product"), a generic version of VELPHORO®. The Teva ANDA specifically seeks FDA approval to market the Teva Proposed ANDA Product prior to the expiration of the Patents-in-Suit.

16. On information and belief, following any FDA approval of the Teva ANDA, Teva will make, use, offer to sell, or sell the Teva Proposed ANDA Product throughout the United States, or import such generic products into the United States.

**SUBJECT MATTER JURISDICTION**

17. This Court has subject matter jurisdiction over the matters asserted herein under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202. *See Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l*

*Ltd.*, 887 F.3d 1117, 1123–25 (Fed. Cir. 2018), *cert. denied sub nom. Hikma Pharm. USA Inc. v. Vanda Pharm. Inc.*, 140 S. Ct. 911, 205 L. Ed. 2d 454 (2020).

**PERSONAL JURISDICTION AND VENUE OVER LUPIN**

18. This Court has personal jurisdiction over Lupin Atlantis because, *inter alia,* Lupin Atlantis has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware. These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware. For example, on information and belief, following approval of the Lupin ANDA, Lupin Atlantis will make, use, offer for sale, sell, and/or import the Lupin Proposed ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-Suit.

19. This Court also has personal jurisdiction over Lupin Atlantis because Lupin Atlantis has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware. On information and belief, Lupin Atlantis regularly and continuously transacts business within Delaware, including by selling pharmaceutical products in Delaware. On information and belief, Lupin Atlantis derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.

20. On information and belief, Lupin Atlantis has continuously placed its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.

21. On information and belief, Lupin Atlantis derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

22. On information and belief, Lupin Atlantis has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases. On information and belief, Lupin Atlantis has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in at least the following cases: *Novartis Pharm. Corp. v. Alkem Labs. Ltd.*, C.A. No. 19-cv-01979-LPS (D. Del.); *Keryx Biopharmaceuticals, Inc. v. Lupin Ltd.*, C.A. No. 18-cv-01968-LPS (D. Del.); *Vifor Fresenius Medical Care Renal Pharma Ltd. et al v. Lupin Atlantis Holdings SA et al*, C.A. No. 18-cv-00390-MN (D. Del.).

23. Additionally, on information and belief, Lupin Atlantis has availed itself of the benefits of this forum by bringing civil actions for patent infringement in this forum in at least the following cases: *Lupin Atlantis Holdings SA v. Ranbaxy Labs. Limited*, C.A. No. 10-cv-00659-SLR (D. Del.), *Lupin Atlantis Holdings SA v. Apotex Inc.*, C.A. No. 11-cv-00234-LPS (D. Del.), and *Lupin Atlantis Holdings SA v. InvaGen Pharms. Inc.*, C.A. No. 16-cv-00708-SLR-SRF (D. Del.).

24. In the alternative, this Court has jurisdiction over Lupin Atlantis because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Vifor Fresenius's claims arise under federal law; (b) Lupin Atlantis is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Atlantis has sufficient contacts with the United States as a whole, including, but not limited to, participating in the preparation and submission of the Lupin ANDA for the Lupin Proposed ANDA Product to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Atlantis satisfies due process.

25. This Court has personal jurisdiction over Lupin Pharmaceuticals because, *inter alia*, Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware.

26. On information and belief, Lupin Pharmaceuticals operates and acts as the agent of Lupin Atlantis and is controlled by Lupin Atlantis, particularly with respect to marketing Lupin's generic pharmaceutical products throughout the United States. For example, Lupin Pharmaceuticals' 2018 financial statements contain a related-party disclosure stating that Lupin Inc. owns 97% of Lupin Pharmaceuticals Inc. Lupin Inc. is a subsidiary of Lupin Atlantis. *See* Lupin Inc. and Subsidiaries Consolidated Financial Statements As of and for the Years Ended March 31, 2019, 2018 and 2017.

27. On information and belief, Lupin Pharmaceuticals has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases. On information and belief, Lupin Pharmaceuticals has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in at least the following cases: *Vifor Fresenius Medical Care Renal Pharma Ltd. et al v. Lupin Atlantis Holdings SA et al*, C.A. No. 18-cv-00390-MN (D. Del.).

28. This Court has personal jurisdiction over Lupin Limited because, *inter alia*, it: (1) has purposefully availed itself of the privilege of doing business in Delaware, including directly or indirectly through its subsidiaries, agents, and/or alter egos, including Lupin Atlantis and Lupin Pharmaceuticals, and (2) maintains extensive and systematic contacts with the State of Delaware, including the marketing, distribution, and/or sale of generic pharmaceutical drugs in Delaware including through, directly or indirectly, Lupin Atlantis and Lupin Pharmaceuticals.

29. On information and belief, Lupin Atlantis operates and acts as the agent of Lupin Limited and is controlled by Lupin Limited. Lupin Atlantis is wholly owned by Lupin Limited. As set forth in Paragraph 26 above Lupin Inc. owns 97% of Lupin Pharmaceuticals, and Lupin Inc. is a subsidiary of Lupin Atlantis. Lupin Limited directly owns the remaining 3% of Lupin Pharmaceuticals. *See* Lupin Inc. and Subsidiaries Consolidated Financial Statements As of and for the Years Ended March 31, 2019, 2018 and 2017.

30. On information and belief, Lupin Limited has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in prior patent cases. On information and belief, Lupin Limited has been sued for patent infringement in this District and did not contest personal jurisdiction in this District in at least the following cases: *Novartis Pharm. Corp. v. Alkem Labs. Ltd.*, C.A. No. 19-cv-01979-LPS (D. Del.); *Boehringer Ingelheim Pharm. Inc. v. Lupin Ltd.*, C.A. No. 19-cv-01497-CFC (D. Del.); *Keryx Biopharmaceuticals, Inc. v. Lupin Ltd.*, C.A. No. 18-cv-01968-LPS (D. Del.).

31. In the alternative, this Court has jurisdiction over Lupin Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Vifor Fresenius's claims arise under federal law; (b) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Limited has sufficient contacts with the United States as a whole, including, but not limited to, directing and/or participating in the preparation and submission of the Lupin ANDA for the Lupin Proposed ANDA Product to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Lupin Limited satisfies due process.

32. This Court also has personal jurisdiction over Lupin Atlantis, Lupin Pharmaceuticals, Inc., and Lupin Limited because, on information and belief, each work in concert with respect to the regulatory approval, manufacturing, marketing, sale, and distribution of generic pharmaceutical products throughout the United States, including in this Judicial District.

33. This Court also has personal jurisdiction over Lupin Atlantis, Lupin Pharmaceuticals, Inc., and Lupin Limited because, on information and belief, each such Defendant, upon approval of the Lupin ANDA, will commit or will aid, abet, contribute to, or participate in future tortious acts of patent infringement permitted under the Lupin ANDA that will be purposefully directed at Delaware, including the marketing of the Lupin Proposed ANDA Product in Delaware, prior to the expiration of the ’376 and ’367 patents.

34. This Court also has personal jurisdiction over Lupin Atlantis, Lupin Pharmaceuticals, Inc., and Lupin Limited because, on information and belief, each such Defendant’s affiliations with the State of Delaware, including Lupin Pharmaceuticals, Inc.’s incorporation in Delaware and Lupin Limited’s ownership of and actions in concert with Lupin Pharmaceuticals, Inc., are sufficiently continuous and systematic as to render each such Defendant essentially at home in this forum.

35. Venue is proper for Lupin Atlantis under 28 U.S.C. §§ 1391 and/or 1400(b), including because, *inter alia*, Lupin Atlantis is a foreign corporation and is subject to personal jurisdiction in this Judicial District, as set forth above. In addition, Lupin Atlantis has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraph 18 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 20-24 above.

36. Venue is proper for Lupin Pharmaceuticals under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Lupin Pharmaceuticals is a corporation organized and existing under the laws of the State of Delaware.

37. Venue is proper for Lupin Limited under 28 U.S.C. §§ 1391 and/or 1400(b), including because, *inter alia*, Lupin Limited is a foreign corporation and is subject to personal jurisdiction in this Judicial District, as set forth above. In addition, Lupin Limited has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraph 28 above, and continuously transacts business in this Judicial District, as set forth in paragraphs 30-31 above.

**PERSONAL JURISDICTION AND VENUE OVER TEVA**

38. This Court has personal jurisdiction over Teva because, *inter alia*, Teva is a corporation organized and existing under the laws of the State of Delaware.

39. Venue is proper for Teva under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Teva is a corporation organized and existing under the laws of the State of Delaware.

**COUNT I: INFRINGEMENT OF THE ’376 PATENT BY LUPIN**

40. Plaintiffs repeat and reallege paragraphs 1-39 above as if fully set forth herein.

41. By the filing of Lupin’s ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Lupin Proposed ANDA Product before the expiration of the ’376 patent, Lupin committed an act of infringement under 35 U.S.C. § 271(e)(2).

42. On information and belief, if Lupin commercially makes, uses, offers to sell, or sells the Lupin Proposed ANDA Product within the United States, or imports the Lupin Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the ’376 patent, Lupin will further infringe at least claims 1 and 40 of the ’376 patent

under 35 U.S.C. §§ 271(a), (b), and/or (c). Upon information and belief, Lupin's ANDA Product is a pharmaceutical composition in the form of a chewable tablet for oral administration containing approximately 800 mg of iron oxy-hydroxide and saccharose (sucrose) and a starch, thereby establishing infringement of at least claims 1 and 40 of the '376 patent.

43. Lupin has had knowledge of the '376 patent since at least the date of service of this Complaint.

44. Plaintiffs will be irreparably harmed if Lupin is not enjoined from making, selling, using or importing the Lupin Proposed ANDA Product, which upon information and belief will infringe the '376 patent. Plaintiffs do not have an adequate remedy at law.

**COUNT II: INFRINGEMENT OF THE '376 PATENT BY TEVA**

45. Plaintiffs repeat and reallege paragraphs 1-44 above as if fully set forth herein.

46. By filing the Teva ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Teva Proposed ANDA Product before the expiration of the '376 patent, Teva committed an act of infringement under 35 U.S.C. § 271(e)(2).

47. On information and belief, if Teva commercially makes, uses, offers to sell, or sells the Teva Proposed ANDA Product within the United States, or imports the Teva Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '376 patent, Teva will further infringe at least claim 40 of the '376 patent under 35 U.S.C. §§ 271(a), (b), and/or (c). Upon information and belief, Teva's ANDA Product is a pharmaceutical composition in the form of a chewable tablet for oral administration containing approximately 800 mg of iron oxy-hydroxide and saccharose (sucrose) and a starch, thereby establishing infringement of at least claim 40 of the '376 patent.

48. Teva has had knowledge of the ’376 patent since at least the date of service of this Complaint.

49. Plaintiffs will be irreparably harmed if Teva is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the ’376 patent. Plaintiffs do not have an adequate remedy at law.

**COUNT III: INFRINGEMENT OF THE ’367 PATENT BY LUPIN**

50. Plaintiffs repeat and reallege paragraphs 1-49 above as if fully set forth herein.

51. By the filing of Lupin’s ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Lupin Proposed ANDA Product before the expiration of the ’367 patent, Lupin committed an act of infringement under 35 U.S.C. § 271(e)(2).

52. On information and belief, if Lupin commercially makes, uses, offers to sell, or sells the Lupin Proposed ANDA Product within the United States, or imports the Lupin Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the ’367 patent, Lupin will further infringe at least claims 1, 66, and 98 of the ’367 patent under 35 U.S.C. §§ 271(a), (b), and/or (c). Upon information and belief, Lupin’s ANDA Product is a pharmaceutical composition in the form of a chewable tablet for oral administration containing approximately 800 mg of iron oxy-hydroxide and saccharose (sucrose) and a starch, thereby establishing infringement of at least claims 1, 66 and 98 the ’367 patent.

53. Lupin has had knowledge of the ’367 patent since at least the date of service of this Complaint.

54. Plaintiffs will be irreparably harmed if Lupin is not enjoined from making, selling, using or importing the Lupin Proposed ANDA Product, which upon information and belief will infringe the ’367 patent. Plaintiffs do not have an adequate remedy at law.

**COUNT IV: INFRINGEMENT OF THE ’367 PATENT BY TEVA**

55. Plaintiffs repeat and reallege paragraphs 1-54 above as if fully set forth herein.

56. By filing the Teva ANDA for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, sale, or importation into the United States of the Teva Proposed ANDA Product before the expiration of the ’367 patent, Teva committed an act of infringement under 35 U.S.C. § 271(e)(2).

57. On information and belief, if Teva commercially makes, uses, offers to sell, or sells the Teva Proposed ANDA Product within the United States, or imports the Teva Proposed ANDA Product into the United States, or induces or contributes to any such conduct during the term of the ’376 patent, Teva will further infringe at least claims 1 and 66 of the ’367 patent under 35 U.S.C. §§ 271(a), (b), and/or (c). Upon information and belief, Teva’s ANDA Product is a pharmaceutical composition in the form of a chewable tablet for oral administration containing approximately 800 mg of iron oxy-hydroxide and saccharose (sucrose) and a starch, thereby establishing infringement of at least claims 1 and 66 of the ’367 patent.

58. Teva has had knowledge of the ’367 patent since at least the date of service of this Complaint.

59. Plaintiffs will be irreparably harmed if Teva is not enjoined from making, selling, using or importing its Proposed ANDA Product, which upon information and belief will infringe the ’367 patent. Plaintiffs do not have an adequate remedy at law.

**COUNT V: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’376 PATENT BY LUPIN**

60. Plaintiffs repeat and reallege paragraphs 1-59 above as if fully set forth herein.

61. On information and belief, Lupin has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA

Product prior to the expiration of the ’376 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Lupin’s planned manufacture, use, offer to sell, or sale the Lupin Proposed ANDA Product within the United States, including in Delaware, or importation of the Lupin Proposed ANDA Product into the United States, including in Delaware, or inducement or contribution to any such conduct during the term of the ’376 patent, infringes any valid claim of the ’376 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

62. Plaintiffs seek a declaratory judgment that Lupin’s manufacture, use, offer to sell, or sale of the Lupin Proposed ANDA Product within the United States or importation of the Lupin Proposed ANDA Product into the United States will infringe one or more claims, including but not limited to claim 1 of the ’376 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**COUNT VI: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE ’376 PATENT BY TEVA**

63. Plaintiffs repeat and reallege paragraphs 1-62 above as if fully set forth herein.

64. On information and belief, Teva has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA Product prior to the expiration of the ’376 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Teva’s planned manufacture, use, offer to sell, or sale the Teva Proposed ANDA Product within the United States, including in Delaware, or importation of the Teva Proposed ANDA Product into the United States, including in Delaware, or inducement or contribution to any such conduct during the term of the ’376 patent, infringes any valid claim of the ’376 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

65. Plaintiffs seek a declaratory judgment that Teva's manufacture, use, offer to sell, or sale of the Teva Proposed ANDA Product within the United States or importation of the Teva Proposed ANDA Product into the United States will infringe one or more claims, including but not limited to claim 40 of the '376 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**COUNT VII: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '367 PATENT BY LUPIN**

66. Plaintiffs repeat and reallege paragraphs 1-65 above as if fully set forth herein.

67. On information and belief, Lupin has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA Product prior to the expiration of the '367 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Lupin's planned manufacture, use, offer to sell, or sale the Lupin Proposed ANDA Product within the United States, including in Delaware, or importation of the Lupin Proposed ANDA Product into the United States, including in Delaware, or inducement or contribution to any such conduct during the term of the '367 patent, infringes any valid claim of the '367 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

68. Plaintiffs seek a declaratory judgment that Lupin's manufacture, use, offer to sell, or sale of the Lupin Proposed ANDA Product within the United States or importation of the Lupin Proposed ANDA Product into the United States will infringe one or more claims, including but not limited to claim 1 of the '367 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**COUNT VIII: DECLARATORY JUDGMENT OF INFRINGEMENT OF THE '367 PATENT BY TEVA**

69. Plaintiffs repeat and reallege paragraphs 1-68 above as if fully set forth herein.

70. On information and belief, Teva has made and will continue to make substantial and meaningful preparations to manufacture, use, offer to sell, or sell its Proposed ANDA

Product prior to the expiration of the ’367 patent. An actual and substantial controversy has arisen and now exists between the parties concerning whether Teva’s planned manufacture, use, offer to sell, or sale the Teva Proposed ANDA Product within the United States, including in Delaware, or importation of the Teva Proposed ANDA Product into the United States, including in Delaware, or inducement or contribution to any such conduct during the term of the ’367 patent, infringes any valid claim of the ’367 patent, either directly or indirectly, literally, under the doctrine of equivalents, or otherwise.

71. Plaintiffs seek a declaratory judgment that Teva’s manufacture, use, offer to sell, or sale of the Teva Proposed ANDA Product within the United States or importation of the Teva Proposed ANDA Product into the United States will infringe one or more claims, including but not limited to claim 1 of the ’367 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A. A Judgment that Lupin has infringed one or more claims of the ’376 patent by filing the Lupin ANDA;

B. A Judgment that Lupin has infringed, and that Lupin’s making, using, offering to sell, selling, or importing the Lupin Proposed ANDA Product would constitute infringement of one or more claims of the ’376 patent, and/or induce or contribute to the infringement of one or more claims of the ’376 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

C. A permanent injunction restraining and enjoining Lupin, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Lupin Proposed ANDA Product until after the expiration of the ’376 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D. An Order that the effective date of any approval of the Lupin ANDA relating to the Lupin Proposed ANDA Product be a date that is not earlier than the expiration date of the ’376 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E. A Judgment that Teva has infringed one or more claims of the ’376 patent by filing the Teva ANDA;

F. A Judgment that Teva has infringed, and that Teva’s making, using, offering to sell, selling, or importing the Teva Proposed ANDA Product would constitute infringement of one or more claims of the ’376 patent, and/or induce or contribute to the infringement of one or more claims of the ’376 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

G. A permanent injunction restraining and enjoining Teva, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Teva Proposed ANDA Product until after the expiration of the ’376 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H. An Order that the effective date of any approval of the Teva ANDA relating to the Teva Proposed ANDA Product be a date that is not earlier than the expiration date of the ’376 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

I. A Judgment that Lupin has infringed one or more claims of the ’367 patent by filing the Lupin ANDA;

J. A Judgment that Lupin has infringed, and that Lupin’s making, using, offering to sell, selling, or importing the Lupin Proposed ANDA Product would constitute infringement of

one or more claims of the ’367 patent, and/or induce or contribute to the infringement of one or more claims of the ’367 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

K. A permanent injunction restraining and enjoining Lupin, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Lupin Proposed ANDA Product until after the expiration of the ’367 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

L. An Order that the effective date of any approval of the Lupin ANDA relating to the Lupin Proposed ANDA Product be a date that is not earlier than the expiration date of the ’367 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

M. A Judgment that Teva has infringed one or more claims of the ’367 patent by filing the Teva ANDA;

N. A Judgment that Teva has infringed, and that Teva’s making, using, offering to sell, selling, or importing the Teva Proposed ANDA Product would constitute infringement of one or more claims of the ’367 patent, and/or induce or contribute to the infringement of one or more claims of the ’367 patent pursuant to 35 U.S.C. §§ 271(a), (b) and/or (c);

O. A permanent injunction restraining and enjoining Teva, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Teva Proposed ANDA Product until after the expiration of the ’367 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

P. An Order that the effective date of any approval of the Teva ANDA relating to the Teva Proposed ANDA Product be a date that is not earlier than the expiration date of the '367 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

Q. Such other and further relief as the Court may deem just and proper.

Date: July 6, 2020

Respectfully submitted,

FARNAN LLP

*<u>/s/ Michael J. Farnan</u>*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market Str., 12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
Fax: (302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiffs Vifor Fresenius Medical Care Renal Pharma, Ltd. and Vifor Fresenius Medical Care Renal Pharma France S.A.S.*

OF COUNSEL:

Raymond N. Nimrod
Steven C. Cherny
Matthew A. Traupman
Geoffrey A. Kirsner
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

Lauren N. Martin
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
111 Huntington Ave, Suite 520
Boston, MA 02199
(617) 712-7100

Nancy Zhang
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
50 California St #22
San Francisco, CA 94111
(415) 875-6600