IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA LTD. and VIFOR FRESENIUS MEDICAL CARE RENAL PHARMA FRANCE S.A.S., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMACEUTICALS USA, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) C.A. No. 20-911-MN ) ) ) ) ) ) ) ) ) |

## SCHEDULING ORDER

This   21st   day of      December     , 20 20 , the Court having conducted an initial Rule 16(b) scheduling conference pursuant to Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard.</u>

Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within five (5) days of the date this Order is entered by the Court. If they have not already done so, the parties are to review the Court's Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), which is posted at http://www.ded.uscourts.gov (see Other Resources, Default Standard for Discovery) and is incorporated herein by reference. Disclosures pursuant to Paragraph 4 of the Court's Default

1

Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), shall be made by the following dates:

        a)      Paragraph 4(a):  Plaintiffs shall specifically identify the accused products and the asserted patent(s) they allegedly infringe, and produce the file history for each asserted patent by October 19, 2020.

        b)      Paragraph 4(b):  The document productions of Plaintiffs and Defendant, including Defendant's respective core technical documents, that were previously produced in *Vifor Fresenius Medical Care Renal Pharma Ltd. et al. v. Lupin Atlantis Holdings SA et al.*, C.A. No. 18-390-LPS (D. Del.) shall be deemed produced in this matter.

        c)      Paragraph 4(c):  Plaintiffs shall produce to Defendant an initial claim chart relating each accused product to the asserted claims each product allegedly infringes by: February 5, 2021.

        d)      Paragraph 4(d):  Defendant shall produce to Plaintiffs its initial invalidity contentions for each asserted claim, as well as the related invalidating references (e.g., publications, manuals and patents) by: March 5, 2021.

    2.      Joinder of Other Parties and Amendment of Pleadings.  All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before: July 30, 2021. Unless otherwise ordered by the Court, any motion to join a party or motion to amend the pleadings shall be made pursuant to the procedures set forth in Paragraphs 7(g) and 8.

    3.      Application to Court for Protective Order. The parties request that the Protective Order entered in *Vifor Fresenius Medical Care Renal Pharma Ltd. et al. v. Lupin Atlantis Holdings SA et al.*, C.A. No. 18-390-LPS (D. Del.) (Doc. 46), entered February 6, 2019, be adopted in the above-referenced matters with the clarification and confirmation that confidential documents

produced by Defendant shall not be disclosed or shared with any other party and/or their counsel without the express consent of the producing party.

4. <u>Papers Filed Under Seal.</u> In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven (7) days of the filing of the sealed document.

5. <u>Courtesy Copies.</u> The parties shall provide to the Court two (2) courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

6. <u>ADR Process.</u> This matter is referred to a magistrate judge to explore the possibility of alternative dispute resolution.

7. <u>Discovery.</u> Unless otherwise ordered by the Court or agreed to by parties, the limitations on discovery set forth in the Federal Rules shall be strictly observed.

    a) <u>Discovery Cut Off.</u> All fact discovery in this case shall be initiated so that it will be completed on or before September 24, 2021, and all expert discovery shall be completed by February 25, 2022.

    b) <u>Document Production.</u> Document production shall be substantially complete by: July 2, 2021.

    c) <u>Requests for Admission.</u> A maximum of forty (40) requests for admission are permitted for each side.

    d) <u>Interrogatories.</u>

        i. ~~For C.A. No. 20-697 (MN): A maximum ten (10) interrogatories,~~ *MN*

~~including contention interrogatories, are permitted for each side.~~ *MN*

    ii.  A maximum of twenty-five (25) interrogatories, including contention interrogatories, are permitted for each side.

    iii.  The Court encourages the parties to serve and respond to contention interrogatories early in the case. In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof. The adequacy of all interrogatory answers shall be judged by the level of detail each party provides (*i.e.*, the more detail a party provides, the more detail a party shall receive).

  e)  <u>Depositions.</u>

    i.  <u>Limitation on Hours for Deposition Discovery.</u> Each side is limited to a total of fifty (50) hours of taking testimony by deposition upon oral examination. Each deposition that does not require an English-language interpreter shall be limited to one day of seven (7) hours on the record consistent with the Federal Rules of Civil Procedure, unless such maximum is increased by agreement of the parties or by order of the Court. Notwithstanding this requirement, for each deposition that requires an English-language interpreter, each 1.5 hours of actual deposition time will count as one hour towards the total time permitted per witness and towards the total deposition limit.

    ii.  <u>Location of Depositions.</u> Any party or representative (officer, director, or managing agent) of a party filing a civil action in this district court must ordinarily be required, upon request, to submit to a deposition at a place designated within this district. Exceptions to this general rule may be made by order of the Court, or by agreement of the parties. A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

      f)      <u>Disclosure of Expert Testimony.</u>

          i.      <u>Expert Reports.</u>  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule of Civil Procedure 26(a)(2) disclosure of expert testimony is due on or before: November 5, 2021.  The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party, as well as Plaintiffs' reports on objective indicia of non-obviousness, is due on or before: December 3, 2021.  Reply expert reports from the party with the initial burden of proof are due on or before: December 17, 2021.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the reply expert reports, the parties shall advise of the dates and times of their experts' availability for deposition.

          ii.      <u>Expert Report Supplementation.</u>  The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions).

          iii.      <u>Objections to Expert Testimony.</u>  To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than fourteen (14) days after the close of expert discovery, unless otherwise ordered by the Court.  Briefing will be presented pursuant to the Court's Local Rules.

      g)      <u>Discovery Matters and Disputes Relating to Protective Orders.</u>

          i.      Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

          ii.      Should counsel find, after a reasonable effort pursuant to Local Rule 7.1.1. that they are unable to resolve a discovery matter or a dispute relating to a protective order,

the parties involved in the discovery matter or protective order dispute shall contact the Court's Judicial Administrator to schedule an argument.

    iii. On a date to be set by separate order, generally not less than four (4) days prior to the conference, the party seeking relief shall file with the Court a letter, not to exceed three (3) pages, outlining the issues in dispute and its position on those issues.  On a date to be set by separate order, but generally not less than three (3) days prior to the conference, any party opposing the application for relief may file a letter, not to exceed three (3) pages, outlining that party's reasons for its opposition.

    iv. The parties shall provide to the Court two (2) courtesy copies of its discovery letter and any other document filed in support of any letter (*i.e.*, appendices, exhibits, declarations, affidavits etc.).  This provision also applies to papers filed under seal.  All courtesy copies shall be double-sided.

    v. Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it.  Alternatively, the Court may choose to resolve the dispute prior to the conference and will, in that event, cancel the conference.

  8. <u>Motions to Amend / Motions to Strike.</u>

   a) Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading or other document shall be made pursuant to the discovery dispute procedure set forth in Paragraph 7(g) above.

   b) Any such motion shall attach the proposed amended pleading as well as a "redline" comparison to the prior pleading or attach the document to be stricken.

  9. <u>Technology Tutorials.</u>  Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or

before the date that the Joint Claim Construction Brief is filed.

10. <u>Claim Construction Issue Identification.</u> On March 19, 2021, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction of those term(s)/phrase(s). This document will not be filed with the Court. On March 26, 2021, the parties will meet and confer to prepare a Joint Claim Construction Chart to be submitted on April 9, 2021. The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions. A copy of the patent(s) in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart. In this joint submission, the parties shall not provide argument.

11. <u>Claim Construction Briefing.</u> Plaintiffs shall serve, but not file, their opening brief, not to exceed 20 pages, on April 30, 2021. Defendant shall serve, but not file, its answering brief, not to exceed 30 pages, on May 28, 2021. Plaintiffs shall serve, but not file, their reply brief, not to exceed 20 pages, on June 18, 2021. Defendant shall serve, but not file, its sur-reply brief, not to exceed 10 pages, on July 9, 2021. No later than July 16, 2021, the parties shall file a Joint Claim Construction Brief. The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. <u>Agreed-Upon Constructions</u>

II. <u>Disputed</u>

        Constructions

        [TERM 1]

            1.      Plaintiffs' Opening Position

            2.      Defendant's Answering Position

            3.      Plaintiffs' Reply Position

            4.      Defendant's Sur-Reply Position

        [TERM 2]

            1.      Plaintiffs' Opening Position

            2.      Defendant's Answering Position

            3.      Plaintiffs' Reply Position

            4.      Defendant's Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

        12.      Hearing on Claim Construction.  Beginning at 2 p.m. on July 23, 2021, the Court will hear argument on claim construction.  The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court.  The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed:  (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

        Provided that the parties comply with all portions of this Scheduling Order, and any other orders of the Court, the parties should anticipate that the Court will issue its claim construction order within sixty (60) days of the conclusion of the claim construction hearing.  If the Court is unable to meet this goal, it will advise the parties no later than sixty (60) days after the conclusion

of the claim construction hearing.

13. <u>Supplementation.</u>  Absent agreement among the parties, and approval of the Court, no later than August 30, 2021, the parties must finally supplement, *inter alia,* the identification of all accused products and of all invalidity references.

14. <u>Case Dispositive Motions.</u>  Absent agreement between the parties, and prior approval from the Court, the Court will not hear case dispositive motions in ANDA cases.

15. <u>Applications by Motion.</u>  Except as otherwise specified herein, any application to the Court shall be by written motion filed with the Clerk. Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

16. <u>Motions *in Limine.*</u> Motions *in limine* shall not be separately filed.  All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order.  Each **SIDE** shall be limited to three (3) *in limine* requests, unless otherwise permitted by the Court.  The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three (3) pages of argument, may be opposed by a maximum of three (3) pages of argument, and the side making the *in limine* request may add a maximum of one (l) additional page in reply in support of its request.  If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three (3) page submission (and, if the moving party, a single one (1) page reply), unless otherwise ordered by the Court.  No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

17. <u>Pretrial Conference.</u>  On June 20, 2022, the Court will hold a pretrial conference in Court with counsel beginning at 4:30 p.m.  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal

Rule of Civil Procedure 26(a)(3).  The parties shall file with the Court the joint proposed final pretrial order in compliance with Local Rule 16.3(c) and the Court's Preferences and Procedures for Civil Cases by May 27, 2022.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(1)-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) double-sided courtesy copies of the joint proposed final pretrial order and all attachments.  The proposed final pretrial order shall contain a table of contents.

18. <u>Trial.</u>  This matter is scheduled for a four (4) day bench trial beginning on June 27, 2022.

19. <u>Post-Trial Briefing.</u>  The parties will address the post-trial briefing schedule and page limits in the proposed final pretrial order.

*Maryellen Noreika*
The Honorable Maryellen Noreika
United States District Judge

Counsel Shall Provide a Chart of All Relevant Deadlines

| EVENT | DEADLINE |
|---|---|
| Identification of Accused Products | October 19, 2020 |
| Production of Defendant's Core Technical Documents | n/a [complied w/ per prior document productions] |
| Production of Plaintiffs' Initial Infringement Claim Chart | February 5, 2021 |
| Production of Defendant's Initial Invalidity Contentions | March 5, 2021 |
| Claim Construction Issue Identification | March 19, 2021 |
| Meet and Confer Regarding Claim Construction | March 26, 2021 |
| Joint Claim Construction Chart | April 9, 2021 |
| Substantial Completion of Document Production | July 2, 2021 |
| Opening Claim Construction Brief | April 30, 2021 |
| Answering Claim Construction Brief | May 28, 2021 |
| Reply Claim Construction Brief | June 18, 2021 |
| Sur-Reply Claim Construction Brief | July 9, 2021 |
| Joint Claim Construction Brief | July 16, 2021 |
| Claim Construction Hearing | July 23, 2021 at 2:00 p.m. |
| Joinder of Other Parties and Motions to Amend or | July 30, 2021 |

| | |
|---|---|
| Supplement Pleadings | |
| Supplementation | August 30, 2021 |
| Close of Fact Discovery | September 24, 2021 |
| Opening Expert Reports | November 5, 2021 |
| Rebuttal Expert Reports | December 3, 2021 |
| Reply Expert Reports | December 17, 2021 |
| Close of Expert Discovery | February 25, 2022 |
| Joint Pre-Trial Order | May 27, 2022 |
| Pre-Trial Conference | June 20, 2022 at 4:30 p.m. |
| Trial (4-day Bench) | June 27, 2022 |