

March 21, 2022

**VIA E-FILING**
The Honorable Maryellen Noreika
United States District Court
844 North King Street
Wilmington, DE 19801

**FILED UNDER SEAL**

RE: *Vifor Fresenius Medical Care Renal Pharma Ltd. et al. v. Teva Pharmaceuticals USA, Inc.* (C.A. No. 20-cv-911-MN)

Dear Judge Noreika:

Plaintiffs respectfully submit this Letter in support of their Motion to Strike Portions of Dr. Beale's and Dr. Gardella's Supplemental Rebuttal Reports.

Asserted claim 33 of the '367 patent requires that the iron oxy-hydroxide comprise beta iron oxy-hydroxide. In connection with its arguments that ███████████████████████████████ ██████████████████████████ Plaintiffs served an opening report from Dr. Joshua Wright. ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████ Dr. Wright also synthesized or purchased reference samples of the various forms of iron oxy-hydroxide and tested them.

After receiving Teva's Rebuttal Reports, Dr. Wright became aware that his Opening Report contained a citation error. Specifically, Dr. Wright provided an incorrect citation of the method he followed to synthesize the reference standard for beta iron oxyhydroxide that he used for his XANES fitting—he erroneously cited a paper by Deliyanni when he intended to cite a paper by Zhang. As soon as Plaintiffs became aware of this error, Plaintiffs notified Teva. Ex. 1. And, Plaintiffs promptly served a corrected report. As reflected in the attached redline, the only change in Dr. Wright's corrected report is the citation in paragraph 50. Ex. 2. Plaintiffs told Teva that they would not object if Teva served corrected rebuttal reports to address Dr. Wright's corrected citation.

However, Teva served supplemental reports that contain completely new opinions entirely unrelated to the corrected citation. Most egregiously, Teva served a supplemental report from Dr. Andrew Beale containing an extensive critique of Dr. Wright's analysis. Although Dr. Beale served a Rebuttal Report in accordance with the Scheduling Order, that report was limited to his own testing of Teva's ANDA Product. Dr. Beale's Rebuttal Report did not contain any discussion at all of Dr. Wright's analysis. Indeed, ***Dr. Beale admitted that, as of January 14, 2022, the date the rebuttal reports were served, he had not even read Dr. Wright's report***. Ex. 3 at 14:24-17:12. Similarly, Teva submitted a supplemental report from Dr. Joseph Gardella, who offered new opinions regarding Dr. Wright's ferrihydrite reference standard—subject matter that is not related to the corrected citation for the beta reference standard.

During the parties' meet and confer regarding this issue, Teva made no attempt to tie the opinions in its supplemental reports to Dr. Wright's corrected citation.  Rather, Teva has taken the position that Dr. Wright's correction of a single citation in one paragraph of a 131 paragraph report constitutes a "new report" that gave Teva carte blanche to serve supplemental reports responding to any portion of Dr. Wight's "new report."  *E.g.,* Ex. 4.  This position makes no sense, and Teva's position amounts to nothing more than an opportunistic violation of the Court's Scheduling Order.  Teva's untimely supplemental reports should be stricken.

Fed. R. Civ. P. 37(c) precludes a party from relying on late-disclosed evidence "unless the failure was substantially justified or is harmless."  The *Pennypack* factors govern whether late-disclosed subject matter should be excluded: "(1) the surprise or prejudice to the moving party; (2) the ability of the moving party to cure any such prejudice; (3) the extent to which allowing the testimony would disrupt the order and efficiency of trial; (4) bad faith or willfulness in failing to comply; and (5) the importance of the testimony sought to be excluded."  *Integra LifeSciences Corp. v. Hyperbranch Medical Technology, Inc.*, 2018 WL 3814614, at *1 (D. Del. Mar. 23, 2018) *citing Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904-05 (3d Cir. 1977).  However, "[c]ourts applying the *Pennypack* factors in the case of sophisticated, complex litigation involving parties represented by competent counsel have been less indulgent in their application and more willing to exclude evidence without a strict showing that each of the *Pennypack* factors has been satisfied."  *Bridgestone Sports Co. Ltd. v. Acushnet Co.*, 05-cv-132-JJF, 2007 WL 521894, at *4 (D. Del. February 15, 2007).

The *Pennypack* factors weigh in favor of striking the portions of Dr. Beale's and Dr. Gardella's supplemental rebuttal reports that do not address Dr. Wright's corrected citation.  With respect to the first and second factors, Teva's "supplemental" rebuttal reports raise new criticisms of Dr. Wright's Opening Report unrelated to his citation error.  These untimely new opinions are extremely prejudicial.  Plaintiffs bear the burden of proof on infringement, and consistent with that burden, Plaintiffs were permitted to serve an opening report on infringement and then respond to Teva's rebuttal arguments in a reply round of expert reports.  Teva's experts had the opportunity to respond to Dr. Wright's Opening Report in their rebuttal reports.  Yet, Teva chose not to have Dr. Beale respond at all to Dr. Wright's Opening Report, and Dr. Gardella did not raise his criticisms of Dr. Wright's ferrihydrite reference standard in his original rebuttal report.  Instead, Teva waited until after Dr. Wright served his reply report to introduce Dr. Beale's and Dr. Gardella's new criticisms of Dr. Wright's opening report.  By doing so, Teva prevented Dr. Wright from responding to these newly-raised criticisms.

With respect to the fourth factor, Teva's late disclosure is a flagrant and willful violation of the Scheduling Order.  Teva waited until after Dr. Wright served a reply report to serve ***an entirely new report responding to Dr. Wright's Opening Report.***  Dr. Beale did not address Dr. Wright's analysis ***at all*** in his original rebuttal report—he had not even read Dr. Wright's report at that time.  If Teva wished for Dr. Beale to respond to Dr. Wright's report, he should have done so in rebuttal as required by the scheduling order.  There is no conceivable way that a citation change for a synthesis method related to a reference standard justifies an entirely new rebuttal report by a new expert, especially given the fact that only one paragraph of that new report addresses the citation error.  With respect to Dr. Gardella, his new footnotes criticize Dr. Wright's purchased ferrihydrite reference standard.  The citation error is not related to the ferrihydrite reference standard.  If Dr. Gardella wished to criticize it, he should have done so in his original rebuttal

report. Teva should not be permitted what is effectively a fourth round of infringement expert reports to bring new arguments it neglected to raise by the deadline set in the Scheduling Order.

Plaintiffs respectfully request that the Court strike paragraphs 14-30 of Dr. Beale's Supplemental Rebuttal Report (Ex. 5) and footnotes 2, 6, 7 and 14 of Dr. Gardella's Supplemental Rebuttal Report (Ex. 6).

                        Respectfully submitted,

                        /s/ Michael J. Farnan

                        Michael J. Farnan

cc: Counsel of Record (Via E-Mail)